UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
CARMEN ALVAREZ,                       :
                          Plaintiff,  :
                                      :
              -v-                     :     11 Civ. 3818 (KBF)
                                      :
CHARLES ROSA, et al.,                 :     MEMORANDUM
                          Defendants. :     AND ORDER
                                      :
------------------------------------- X

KATHERINE B. FORREST, District Judge:

On May 20, 2011, plaintiff, pro se, initiated this employment discrimination action against her employer, Leake & Watts Services, Inc. ("Leake & Watts") (named in the complaint as Highbridge Nursery School Day Care Center ("Highbridge")), Charles Rosa, Director of Highbridge, and Linda Rosenthal, "Director of Early Childhood Education/Sponsoring Board Liason" at Leake & Watts. (Compl. at 9.) On August 9, 2011, plaintiff filed an amended complaint. (Docket No. 8.)

On December 5, 2011, the Court held an initial pretrial conference in this matter. At the conference, the Court explained to plaintiff the deficiencies in her amended complaint - particularly the lack of factual allegations tying her membership in various protected classes to the adverse employment actions asserted - and recommended that she amend her complaint again to add such allegations if truthful. (Tr. at 3-4, 6.) Following the conference, the Court reiterated its

1

recommendation that plaintiff amend her complaint to include allegations connecting her race, color, gender, religion or national original to her employer's failure to promote her or any other adverse employment action. (See Docket No. 19.) The Court also mailed plaintiff copies of the United States Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which decisions, the Court explained, set forth the requisite pleading standards for claims in federal court. (Docket No. 19.) Plaintiff was given 30 days to amend her complaint, and the Court indicated that if she chose not to do so, it would sua sponte dismiss her complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e).[1]

Plaintiff filed a second amended complaint (hereinafter "Complaint")[2] on January 5, 2012, and defendants moved to dismiss that complaint under Federal Rule of Civil Procedure 12(b)(6) on January 24, 2012. For the reasons set forth below, that motion is GRANTED, and plaintiff's Complaint is dismissed with prejudice.

---

[1] Plaintiff is proceeding in forma pauperis.
[2] In the citations, "Compl." refers to the original complaint; "Am. Compl." refers to the first amended complaint; and "2d Am. Compl." refers to the second amended complaint.

2

BACKGROUND[3]

Plaintiff has worked as a Teacher's Aid for approximately 21 years at Highbridge, a nursery school operated by Leake & Watts. (See Am. Compl. at 9.) Plaintiff has identified her race as "Latino/Hispanic," color as "Black Hispanic," national original as Dominican Republic and age as 55. (Id. at 5.)

She alleges that defendants took three specific, unlawful actions with respect to her employment: First, in April 2010, defendants Rosa and Rosenthal removed plaintiff from her temporary position as an Acting Assistant Teacher, the position to which defendant Rosa had promoted her in October 2009. (Id. at 9.) Second, although she was qualified for the job,[4] she was not selected for that position on a permanent basis when it became open in November 2009. (Id.) Instead, defendants hired a "younger African American lady," "in her 40's," with only "10 to 11 years of experience" and "the same education" as plaintiff. (2d Am. Compl. at 2.) Third, her employer (who, particularly, is not specified) "harassed" her by reporting her to the New York State Office of Children and Family Services

---

[3] Like defendants, this Court liberally construes plaintiffs' Complaint by incorporating into it all of the factual allegations in plaintiff's predecessor complaints. (See Defs.' Mem. at 3 n.2.)
[4] Plaintiff's first amended complaint indicates that she had applied for the position before but did not have the requisite seniority at that point. (Am. Compl. at 11.)

3

("Child Services") for "being cruel to children."[5] (See id.) Child services found the report unsubstantiated. (See id.; see also Am. Compl. at 26-32) In addition to those three specific events, plaintiff generally alleges that she has been "treated unfair" (2d Am. Compl. at 2), has "[u]nequal terms and conditions of [] employment" and has been retaliated against (Am. Compl. at 11).

In April 2011, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that certain of her employer's conduct (including her failure to be promoted)[6] amounted to employment discrimination. (Id. at 5-7, 13-14; Corcoran Aff. Ex. A.) Specifically, she alleged discrimination on the basis of national origin and age in violation of Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Corcoran Aff. Ex. A.) On May 11, 2011, after determining that it would likely not be able to complete its administrative review of the

---

[5] According to the Child Services' records attached to the first amended complaint, the specific allegations reported were that plaintiff left children unattended in the playground – during which time one child got onto a bicycle without a helmet, fell and hit his head – and that plaintiff refused to help another child who had asked for assistance using the bathroom. (See Am. Compl. at 29.)

[6] Plaintiff's charge has not been provided to the Court by either party (though it would have been properly considered on this motion, as it is incorporated by reference in the complaints). Rather, defendants have only provided the "Notice of Charge of Discrimination." That notice indicates in the Circumstances of Alleged Discrimination section that "promotion" was the issue identified in the underlying charge, but the particular unlawful conduct alleged is not specified. (Corcoran Ex. A.)

4

charge on time, the EEOC issued a Notice of Right to Sue to plaintiff. (Am. Compl. at 13; Corcoran Aff. Ex. B.)

Plaintiff then proceeded to file the instant complaints in federal court. She now alleges that the above events constituted failure to promote, unequal terms and conditions of employment, retaliation and other acts of discrimination on the basis of race, color, national origin and age in violation of Title VII, the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). (Am. Compl. at 1, 3, 5.) Her race/color discrimination and retaliation claims were not in her EEOC charge. (See Corcoran Aff. Ex. A.) Conversely, an ADEA claim was in her EEOC charge but is not in her complaints. (See Compl. at 1; Am. Compl. at 1.)

In their motion to dismiss, defendants argue that plaintiff has failed to exhaust her administrative remedies with respect to her claims not before the EEOC (Defs.' Mem. at 6-7), to plead adequately her various discrimination and retaliation claims (id. at 7-10, 11-12), and to state claims for personal liability against the individual defendants (id. at 10-11, 11-12).

STANDARD OF REVIEW

Under Federal Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a pro se complaint should be read with "special solicitude" and should be interpreted to

5

raise the "strongest claims that [it] suggest[s]," e.g., DiPetto v. U.S. Postal Serv., 383 Fed. Appx. 102, 103 (2d Cir. 2010); Johnson v. J.P. Morgan Chase Bank, N.A., et al., No. 11 Civ. 662 (DLC), 2011 WL 497923, at *1 (S.D.N.Y. Feb. 10, 2011), it still must provide defendants with fair notice of what the plaintiff's claims are and the grounds upon which they rest, see Valenzuela v. Riverbay Corp., No. 06 Civ. 903 (DLC), 2007 WL 414487, at *2 (S.D.N.Y. Jan. 31, 2007); see also Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 238 (2d Cir. 2009). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"Even though all allegations contained in the complaint are assumed to be true" on a motion to dismiss, that "tenet is 'inapplicable to legal conclusions.'" Zapolski v. Fed. Republic of Germany, 425 Fed. Appx. 5, 6 (2011) (quoting Iqbal, 129 S. Ct. at 1949) (affirming dismissal of pro se complaint). Rather, "[t]he complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Zapolski, 425 Fed. Appx. At 6 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); accord DiPetto, 383 Fed. Appx. at 103 ("pro se complaints must contain sufficient factual allegations to meet the plausibility standard"). A claim has "'facial plausibility

6

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Zapolski, 425 Fed. Appx. at 6 (quoting Iqbal, 129 S. Ct. at 1949). Unless a plaintiff's complaint alleges enough facts to "nudge[] [her] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Twombly, 550 U.S. at 570.

If a pro se complaint indicates that a valid claim might be stated, a court should not dismiss without granting leave to amend at least once. E.g., Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). Where, as here, however, the Court has notified plaintiff of the defects in her first amended complaint, warned her that her action would be dismissed if those defects were not corrected and afforded her an opportunity to file a second amended complaint, dismissal with prejudice is justified. See Fekete v. Cnty. Of Chenango, 303 Fed. Appx. 932, 933 (2d Cir. 2008); Blakely v. Wells, 209 Fed. Appx. 18, 20-21 (2d Cir. 2006); (see also Dkt. No. 19).

DISCUSSION

Exhaustion of Administrative Remedies

Defendants first argue that plaintiff has failed to exhaust her administrative remedies with regard to her race/color discrimination and retaliation claims because they were neither before the EEOC nor reasonably related to the allegations

7

asserted there. (Defs.' Mem. at 6-7); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 82-83 (2d Cir. 2001). In determining whether plaintiff's instant claims are reasonably related to those in her EEOC charge, however, the Court's "focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." See Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (internal punctuation omitted); see also Alonzo v. Chase Manhattan Bank, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) ("[I]t is the substance of the charge and not its label that controls."). "[R]ace and national origin discrimination claims may substantially overlap or even be indistinguishable depending on the specific facts of a case." Id.

As noted above, neither party provided the Court with a copy of the charge that plaintiff made to the EEOC. See supra note 6. Without that charge, the Court cannot say definitively that the specific facts of this case make it impossible that plaintiff's race/color discrimination or retaliation claim is reasonably related to her allegations before the EEOC. In any event, because the Court finds plaintiff's claims inadequately pled, the Court need not reach this issue.

Failure to Plausibly Claim National Origin, Race or Color Discrimination under Title VII

"It is axiomatic that mistreatment at work is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (internal punctuation omitted). Failure to plead facts that "create an inference that any adverse action taken by any defendant was based upon [a protected class]" warrants dismissal. See id. (internal punctuation omitted). Here, plaintiff attempts to state Title VII claims for employment discrimination based on national origin, race and color. Because plaintiff's complaint fails to allege factual circumstances from which such discrimination may be inferred, plaintiff's Title VII claims should be dismissed.

Plaintiff provides only speculations, labels and conclusions in support of her claims - questioning, for instance, "If I am very well better qualified for the position why did they hire [another person] and not me, if it's not due to discrimination based on race, age and national origin?" (2d Am. Compl. at 2.) The complaint fails to identify any particular conduct or remarks made by the individual defendants that could be viewed as reflecting discriminatory animus. See, e.g., Patane, 508 F.3d at 112. While plaintiff identifies the age range, race and national origin of the woman who was

9

ultimately hired for the Assistant Teacher position (see id.), she does not allege facts from which the Court might reasonably infer that such woman was promoted because of her race, national origin or age (as compared to plaintiff's). Indeed, according to the complaints, defendant Rosa promoted plaintiff to Assistant Teacher (on a temporary basis) in October 2009, suggesting that her alleged removal from the job and failure to be promoted permanently was just as likely the result of her unsatisfactory performance in that position. (Am. Comp. at 9.) While plaintiff pleads that such circumstances were "unfair," that is not enough to nudge her claims across the line from conceivable to plausible. See Twombly, 550 U.S. at 570.

Plaintiff also alleges that her failure to be promoted was "not the first instance of unfairness" by her employer and that she was harassed when she was reported to Child Services. (2d Am. Compl. at 2.) As an initial matter, it is not even clear that such "harassment," if true, would constitute an adverse employment action. See Patane, 508 F.3d at 112 ("[A]n action must cause a materially adverse change in the terms and conditions of employment and not just mere inconvenience in order to qualify as 'adverse.'" (internal quotation marks omitted)); Gorokhovsky v. City of New York, 10 Civ. 8848 (LBS), 2011 WL 2019423, at *7 (S.D.N.Y. May 18, 2011) ("To the extent Plaintiff bases [her] discrimination claim on purported

hostility and harassment by [Defendants], such conduct does not constitute an adverse employment action."). Regardless, however, plaintiff fails to plead any allegations connecting her alleged harassment to a protected trait. Plaintiff's sole, and unsupported, assertion that she "ha[s] parents and fellow co-workers that agree that [she is] being treated unfair [sic] and [is] being discriminated against" is conclusory. (2d Am. Compl. at 2.) Accordingly, plaintiff fails to plausibly state a discrimination claim on the basis of her alleged harassment.

<u>Failure to Plausibly Claim National Origin, Race, Color or Age Discrimination under State or City Law</u>

On a motion to dismiss, New York courts examine claims under the NYSHRL and NYCHRL "with the same analytical lens as corresponding Title VII-based claims."[7] <u>Patane</u>, 508 F.3d at 113. Similarly, age-based claims under the NYSHRL and NYCHRL are analyzed under the same framework as ADEA claims, which framework, in turn, is the same as that for Title VII claims. <u>See</u> <u>Liebowitz v. Cornell Univ.</u>, 584 F.3d 487, 498 & n.1 (2d Cir. 2009). Plaintiff offers the same conclusory statements in support of her state and city law discrimination claims that are insufficient under <u>Iqbal</u> and <u>Twombly</u> to support her Title VII

---

[7] Although this Court has recognized that "employment discrimination claims under the NYCHRL are to be reviewed independently from, and more liberally than, their federal and state counterparts," the same framework that is used to analyze Title VII claims is generally still applicable to claims brought under the NYCHRL. <u>See</u> <u>Ya-Chen Chen v. C.U.N.Y.</u>, No. 11 Civ. 0320 (CM), 2011 WL 5419792, at *10 (S.D.N.Y. Nov. 9, 2011); <u>Fowler v. Scores Holding Co.</u>, 677 F. Supp. 2d 673, 682 (S.D.N.Y. 2009).

causes of action. See, e.g., Coleman v. Brokersxpress, No. 08 Civ. 5085 (SAS), 2009 WL 275474, at *3 (S.D.N.Y. Feb. 4, 2009), aff'd 375 Fed. Appx. 136 (2d Cir. 2010). Plaintiff's age-related allegations are similarly inadequate. Accordingly, her NYSHRL and NYCHRL discrimination claims are dismissed.

Failure to Plausibly Claim Retaliation

To state a Title VII claim for retaliation based on a complaint of employment discrimination, plaintiff must plead facts that would tend to show that (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action. E.g., Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004). The same standard applies to retaliation claims under the NYSHRL and NYCHRL, at least on a motion to dismiss. See Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 312-13 (1994); see also Gorokhovsky, 2011 WL 2019423, at *8 & n.8; Gilman v. Inner City Broadcasting Corp., No. 08 Civ. 8909 (LAP), 2009 WL 3003244, at 6 n.13 (S.D.N.Y. Sept. 18, 2009).

The primary basis for plaintiff's retaliation claims is her assertion in the first amended complaint that "I am being retaliated against when I complain of unfair treatment." (Am. Compl. at 9.) Loosely construed, plaintiff's opposition brief and original and first amended complaints also seem to allege

12

that defendants retaliated by imposing on her unduly demanding employment conditions, involving work (e.g. potty training) for multiple classrooms.  (See Pls.' Opp. at 2; Compl. at 5; Am. Compl. at 11.)  (Plaintiff's second amended complaint makes no reference to retaliation or retaliatory conduct.  (See 2d Am. Compl.))  Even loosely construed, however, plaintiff's complaints fail to provide defendants with notice of what "unfair treatment" she complained about, when and to whom she complained, and what, if any, connection defendants' alleged conduct had to plaintiff's complaining.  See Kassner, 496 F.3d at 238.  Given the absence of specific factual allegations, the complaint does not support an inference that defendants are liable for the retaliation alleged and so should be dismissed.  See Coleman, 375 Fed. Appx. at 137.

CONCLUSION

In light of the foregoing, plaintiff's complaint is dismissed with prejudice, and the Court need not consider defendants' other arguments in support of dismissal. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. The Clerk of the Court is directed to terminate the motion at Docket Number 27 and to close this case.

SO ORDERED

Dated:   New York, New York
         February 28, 2012

_____
KATHERINE B. FORREST
United States District Judge